948

In re BROOMHALL, KILLOUGH & CO., Inc.

District Court, S. D. New York.

Nov. 6, 1930.

COXE, District Judge.

Under the authority of the Perpall Case (C. C. A.) 256 F. 758, the sale involved here was a cash sale, and, inasmuch as the check given by the bankrupt in payment was dishonored, title to the 55 shares of Irving stock never passed to the bankrupt. This title remained in Barnes & Co., unless, as insisted by the intervening claimants, they obtained a better title on account of superior equities. The referee agreed with their contention because the certificates were delivered for transfer prior to the bankruptcy and the stock was subsequently transferred into the names of the intervening claimants. In effect, the referee's holding is that the intervening claimants became purchasers for value and without notice, thereby obtaining better title to the stock then possessed by the bankrupt. But were the intervening claimants purchasers for value and without notice? They paid the bankrupt in full for the number of shares ordered some days prior to the transaction with Barnes & Co., and had no knowledge of any contemplated purchase from Barnes & Co. to fill their orders. They cannot be said, therefore, to have parted with anything on the faith of the purchase of these particular shares from Barnes & Co. Nor is there any suggestion of holding out or estoppel. Furthermore, the certificates representing the stock never came into possession of the intervening claimants. This appears to have been appreciated by the referee, for he says in his report: "The stock did not actually come into the physical possession of the intervening creditors." Manifestly, also, the intervening claimants were never in a position to obtain physical possession of the certificates, as the window ticket issued by the transfer agent when the stock was presented for transfer did not come into their hands, and the new certificates could not have been obtained by them without its production and surrender. The mere placing of the stock in the new names was in my opinion insufficient to obliterate the title of Barnes & Co. I do not think, either, that it constituted a "transfer" of the shares within the meaning of section 162 of the New York Personal Property Law (Consol. Laws N. Y. c. 41).

The certificates remained under the control of the bankrupt, and are now subject to the orders of the court. I can see no reason, therefore, why they should not be turned over to Barnes & Co.

The exceptions to the report are sustained.